■ ALF ABRAHAMSEN, Appellant, v JMK BUILDING CORP. et al., Respondents. [933 NYS2d 893]—

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Orange County, for a new trial on the issue of damages for past and future lost earnings, and for the entry of an appropriate amended judgment thereafter.

While working on the construction of a residential house on August 15, 2003, the plaintiff, a self-employed carpenter, was injured when he fell through an opening in the floor that had been covered by a piece of unsecured plywood.

After the close of evidence, the trial court denied the plaintiff's request to charge the jury as to past and future lost earnings, on the ground that the plaintiff had not produced expert testimony opining that the plaintiff could no longer work. However, contrary to the Supreme Court's determination, the plaintiff set forth sufficient evidence to warrant a jury charge on the issue of past and future lost earnings. Specifically, the plaintiff, who was 56 years old at the time of trial, testified that after February 8, 2006, he could no longer operate his house-framing business or work as a carpenter because of the injuries to his shoulder that he sustained in the subject accident. The plaintiff's treating psychologist also testified that the plaintiff was effectively unemployable as a result of his injuries and his learning disability. Further, although the plaintiff conceded on cross-examination that he had not sought new employment, the uncontroverted testimony of the plaintiff's orthopedic surgeon was that the plaintiff's shoulder injury was permanent and his prognosis was poor, the parties' medical experts agreed that the plaintiff was physically unable to work as a carpenter as a result

of the subject accident, and the defendants' expert vocational analyst essentially agreed with the plaintiff's self-assessment that he was unemployable because of the injuries he had sustained in the subject accident and his learning disability.

Accordingly, we must remit the matter to the Supreme Court, Orange County, for a new trial on the issue of damages for past and future lost earnings. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.